Okay, Councilors, this is the case of the people of the State of Illinois v. William Rouse II-1-17-0491. Before you, you have the 1st District, 2nd Division Appellate Court, which consists, in this case, of Aurelia Puchinski, Justice Cynthia Cobb, and myself, Justice Smith. The following order will be followed. First, the appellant will present his case in 10-15 minutes. After that, there will be no interruptions by us. And after that, we will have our questions. Then the appellee will present his case, and after that, we'll have our questions. And finally, then the appellant will be able to file their final argument. With that in mind, you may proceed. Thank you, Your Honor. Good morning. May it please the Court, Counsel. My name is Emily Hartman. I work for the Office of the State Appellate Defender, and I represent the appellant, William Rouse. The right to counsel in post-conviction proceedings stems from statute, and thus is analyzed under a different standard than the Sixth Amendment constitutional standard. However, due process requires that a waiver of that statutory right meet the same constitutional standard that applies to the waiver of the right to counsel under the Sixth Amendment. Therefore, the record must show that the waiver is voluntary, knowing, and intelligent. In this case, the record fails to show that Rouse's waiver of counsel was voluntary due to the unexplored allegations of incompetence of counsel. Mr. Rouse told the Court repeatedly that he felt he had no choice but to go pro se, but his post-conviction counsel told him she would not do anything to advance his claims and that his only option was to go pro se. Her letters to Rouse and her conduct in court demonstrate that she believed his petition to be entirely frivolous and without merit. She commented after Rouse went pro se that counsel's refusal to turn over materials to Rouse was due to her belief that the petition was going to be dismissed. Despite this, the Court did not even ask counsel about Rouse's allegations. And, in fact, the Court cut counsel off after Rouse told the Court he felt he had no choice but to go pro se because counsel wasn't going to do anything, and this prevented counsel from either confirming or denying Rouse's allegations. If counsel confirmed that she believed the petition was meritless, she would have had to follow the procedures, follow out in cuner, as to why each claim in the petition was meritless, as opposed to just standing there and doing nothing that she told Rouse she was going to do. On the other hand, if counsel had said she did not believe the petition was meritless and she was prepared to argue the merits of her claims, the Court could have settled what would have obviously been a miscommunication between Rouse and the attorney. But in either case, an inquiry into Rouse's statement that he was only going pro se because counsel refused to represent him was necessary to show that his waiver of counsel was voluntary. And because the record fails to show a voluntary waiver of counsel, this Court should remand for new Second Stage proceedings. I'm also prepared to answer any questions on the first issue, but that's all I have to start off with. You may proceed. Any questions? Does the Court have any questions? Well, I have one. So are we equating voluntariness with the reasoning? Are you arguing that because he wasn't allowed to, in court, state the same reasons that he stated in his correspondence that rendered his waiver unknowing or not voluntary because he wasn't allowed to further expound on the reason? No. I'm not arguing that his waiver was not voluntary. I'm arguing that because the record requires showing the waiver was voluntary, his complaints triggered the duty of the Court to inquire into those complaints because a forced choice between an attorney who is incompetent, unprepared, not going to do anything, and no counsel at all is not a voluntary waiver. So as soon as Rouse sort of said that that was what was going on here, the Court needed to delve into that and ask counsel, hey, what's going on? Are you not going to do anything? So I'm actually not arguing that the waiver was involuntary because we need an affirmative showing on the record that it was, and there was no affirmative showing. So then you're arguing that it was unknowing? No, it's a voluntariness argument. I'm arguing that the record doesn't contain the necessary showing for the waiver to be voluntary. I don't follow you. Okay, so... It could be me. I'm just not correct. I'm going to use a guilty plea as an example because it's a little easier to put it. So when you have a guilty plea, there need to be certain showings on the record that the plea was voluntary. Did anybody force you to make this plea? Did anybody coerce you? So if the defendant had said, well, yeah, somebody kind of made me feel like I had to, in a guilty plea context, that would warrant further, hey, what's going on? What do you mean somebody told you you had to? So anytime you're waiving rights and you need to make the showing, when somebody says something that suggests, hey, maybe this is involuntary, the court has a duty to conduct the inquiry because you have to have that affirmative showing on the record. But now, in this case, the defendant did offer to the trial judge that the public defender had indicated that she had reviewed all the pleadings, she had reviewed the petition, and she wasn't inclined to make any amendments. She had filed the appropriate 615C to indicate that she had done her due diligence. What more would have been required? I'm not sure what else she could have done. Of course. First, 651C requires that counsel present claims to the court. And it's not necessarily the strongest claims. Counsel has to present and argue claims to the court that are, it could be a weak claim. As long as it's not completely meritless, counsel needs to actually engage in representation and make the argument. If counsel believed they were truly meritless, there's a procedure outlined in People v. Kuhner that the Supreme Court has explained counsel must do, and that involves withdrawing. It's an ethical duty, and you explain the merits of why are you withdrawing, and it's preferably a written motion that can then be reviewed and appealed. But in this case, if she believed it was meritless, she needed to withdraw, or she needed to go and argue those claims, present those claims to the court. The duty isn't just to review everything and sit still. It's to advocate for the client before the court. Well, she gave him her best advice, which was the facts of the case, there was no there there. There was nothing else she could do. She couldn't make up something that didn't exist. She couldn't add anything to the record. She couldn't find new facts. This was the trial that happened, and she gave him her best advice after reading all of that stuff. Isn't that the highest duty of an attorney, to give your client the best advice possible? Even if the client doesn't like it, just because the client doesn't like it, doesn't mean that she's ineffective or she's not doing her job. I'm not arguing that she was ineffective or not doing her job. But as far as if her best advice was, your claims have no merit, it's the same as an appellate attorney. We're appointed. If there's nothing we can do, we need to write up an Andrews brief or a Finley file. The same thing in post-conviction proceedings. If there's nothing counsel can do, the claims are meritless, counsel needs to withdraw and explain why they're meritless. Really no different than the procedures we follow all the time in this court. So if that was her best advice, that's what she needed to do. And then of course, her reasons for finding the issues without merit could be evaluated. Certainly, one issue has at least arguable merit that she could have argued. The first issue that is raised in the brief. But without any explanation or any reasons for her, I believe that this is meritless, there's no way to even evaluate. We couldn't even evaluate her performance at that point. But the argument is, it was premature to evaluate her performance because it's possible, despite their disagreements, she could have come out there and argued every issue. So at this point, the issue centers around whether the record shows a voluntary waiver of counsel. In this case, it does not. Anything further? I have nothing else. Okay, Miles, I guess you can proceed. Good morning, Your Honors, Counsel. My name is Miles Kelleher on behalf of the people. May it please the court. Counsel has not argued about the first issue. So we will stand on the response that we made in our brief. And I'll move on to the second issue, the waiver of counsel issue. The record demonstrates that defendant's waiver of counsel was made knowingly and intelligently. I'd like to first begin by stating that counsel never gave up on defendant here. Counsel, she never said that she believed that his claims were completely meritless and didn't warrant any argument. She was prepared to argue orally before the trial court. And that's perfectly acceptable. When you look at the totality of the record here, public defender Gill filed a 651 C certificate. And in that certificate, she outlined all the work she had done in this case. She stated that she had consulted with defendant on numerous occasions to ascertain his constitutional claims. He stated that she had examined the trial file, the discovery, the forensic reports, the photos, the hospital records. And then she looked at all the records from the direct appeal, the common law record, the report of proceedings. She looked at this court's Rule 23 order. And then she looked at the post conviction records. She looked at the defendant's pro se petition. And she looked at the affidavits that defendant attached to his petition. And after doing all that work on the case, she concluded that defendant's pro se petition adequately presented his claims of deprivation of constitutional rights. And that it wasn't necessary for her to amend or supplement a petition. And that's a perfectly reasonable conclusion for a post conviction counsel to make. Yes, there will be some cases where post conviction counsel determines that, yes, I need to amend a petition in order to provide reasonable assistance. But there's going to be other cases where, such as this one, where counsel can provide reasonable assistance because in her professional judgment, she determines that the pro se petition adequately presents defendant's claims. And that's exactly what happened here. Now, it's true that the defendant expressed displeasure with this decision. And he felt that he had no choice to withdraw. But just because defendant, in his own mind, reaches that conclusion doesn't mean counsel did anything wrong. Defendant writes a letter to the judge, the trial judge, saying I had no choice because counsel, PC counsel isn't representing me. But it's interesting because at no time does defendant ever tell the trial judge what more PC counsel could have done. For instance, you know what amendment could PC counsel have made or what supplement to the petition. Even today, the defense doesn't indicate what more post conviction counsel could have done. But the trial judge is very careful. He doesn't just say, okay, you can represent yourself. He goes on to carefully admonish the defendant and make sure that this is really what he wants to do. Even advises against it. But counsel still persists. Eventually, the trial court determines that this is what defendant knowingly and intelligently wants to do so he allows it. Now, on appeal, defendant is claiming, well, I had no choice because counsel would have just sat by idly and provided absolutely no response to the state's motion to dismiss. But that's positively rebutted by the record. It's positively rebutted by post convictions own statement to the trial court, where she said, I elected not to prepare a written response, but I would be prepared to answer orally. And that's a perfectly acceptable way for a post conviction counsel to proceed if she deems that that's an appropriate way to handle the case. And that's exactly what happened here. So we're left with a situation here where post conviction counsel never had an opportunity to complete her representation of the defendant because defendant essentially stopped her prematurely before she had a chance to make the oral arguments to the court. So as a result, we're left to speculate what post conviction counsel may have stated to the court. We know she wasn't going to give up. She never said, she never said, Your Honor, I'm going to stand mute. I'm not going to argue this case. She didn't say that. She said, I'm prepared to oral orally argue it. And that's a perfectly acceptable way for post conviction counsel to proceed. They have to assess the case on a case by case basis. And that's exactly what counsel did. Her 651 C certificate gives rise to a rebuttable presumption that she provided reasonable assistance and defendant hasn't rebutted that. And when the record is viewed as a whole, it's clear that defendant, you know, maybe, maybe it wasn't the best choice, but he knowingly and intelligently waived his counsel and he got what he wanted. He's not happy with the result. And now he has buyer's remorse. So he's coming back in trying to get a do over, but the record indicates that PC counsel handled this case properly, gave defendant all the representation, reasonable representation that is warranted by a post conviction counsel and a trial court properly exercised its discretion in finding that defendant had not made a substantial showing of ineffective assistance of counsel based on the prejudice prong. So basically, the defendant wants this court to speculate that PC counsel could have done more. But, you know, speculation isn't enough to satisfy defendant's burden of showing that his waiver of counsel was unknowing or unintelligently made. The record rebutts that. So I think that's all I have to say. You're done. Yes. Questions. I've done. I've done. Okay, Emily, you can proceed. We can't hear you. Emily, we can't hear you. I muted it. Okay, this is exactly right. The record does leave everything up to speculation. Where the state is wrong, though, is that it is not defendant's burden to show that his waiver of counsel was voluntary. In Leslie, the Supreme Court went in going through the law. It was very thorough in discussing what's needed to show a waiver of counsel. And it was clear that the record needs to show a voluntary waiver. It's not the defendant to prove that his waiver wasn't voluntary. In particular, you know, an example. This isn't about counsel's performance because it's correct. We might never know how counsel would have performed. Maybe she would have gone in there and done a great job. The issue is not about her quality of her performance. It's about his waiver of counsel. And when he said, you know, I'm waiving it because of this, the court needed to ask him and ask counsel, what's going on? Counsel, are you not going to respond? Do you have anything to say about these claims? And certainly an example, a hypothetical to illustrate how this is really not about counsel's performance, could be that if Mr. Ross came in and said, you know, he wants to go pro se because this attorney is best friends with the victim and he knows that she's got a conflict of interest and she can't represent him, the court, of course, would ask him to that.  And his choice to go pro se in that circumstance wouldn't be voluntary because it would be forcing issues between conflicted counsel and no counsel. So the same thing here, it doesn't matter what she actually did or was going to do. She was under the impression she wasn't going to do anything. She did in her letters to the court say she thought the petition was meritless. She doesn't have to do anything. She cited the wrong standard. She demonstrated unfamiliarity with the law. But ultimately, we don't know what she would have done. We just know that the court did not ask her, is this true what he's saying? It didn't do any inquiry into his claim that he felt he had no choice. Hobbs' choice is no choice at all, is not a voluntary waiver of counsel. And in this case, it was not Mr. Ross' burden to show the waiver as voluntary. The record needs to show it in order for the waiver to be voluntary. And it just didn't do that. Does this court have any questions? Any questions? No. Thank you. You both presented interesting arguments. Your briefs were very well done. I thank you for your time. And we should be able to let you know the results within the next two, two and a half weeks. Thank you.